**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1398-19T2

JEANETTE LANIER,

    Plaintiff-Appellant,

v.

FARMERS MUTUAL FIRE
INSURANCE COMPANY OF
SALEM COUNTY,

    Defendant-Respondent.

_____

Submitted December 9, 2020 – Decided December 31, 2020

Before Judges Whipple, Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3156-18.

Merlin Law Group, PA, attorneys for appellant (Paul L. LaSalle, on the briefs).

Methfessel & Werbel, PC, attorneys for respondent (Marc L. Dembling, of counsel and on the brief).

PER CURIAM

In this insurance coverage dispute, plaintiff Jeanette Lanier appeals from an October 4, 2019 Law Division order granting summary judgment to defendant Farmers Mutual Fire Insurance Company of Salem County, and a November 21, 2019 order denying her motion for reconsideration. Because we conclude there are no genuine issues of material fact that precluded judgment as a matter of law under Rule 4:46-2(c), we affirm.

Viewed in the light most favorable to plaintiff, Templo Fuente De Vida Corp. v. National Union Fire Insurance Co. of Pittsburgh, 224 N.J. 189, 199 (2016), the pertinent facts are as follows. In December 2016, plaintiff's home was damaged when a pipe suddenly burst. Plaintiff submitted a timely claim under the homeowner's insurance policy issued by defendant, which accepted the claim as a covered loss.

The parties thereafter disputed the extent of damages to plaintiff's home and the cost of repairs. Defendant's adjuster provided an estimate of damages, with a replacement cost value (RCV) of $48,997.31. Plaintiff retained an inspector, who estimated the RCV at $174,635. Defendant paid plaintiff

$39,163.25 as the actual cash value (ACV) for damages to the building after removing $9,834.06 for depreciation.[1]

Plaintiff's policy provided $305,000 in coverage for the building, with a $1000 deductible. The policy also contained the following precondition for replacement coverage:

> We are not liable for payment on a replacement basis until the repair or replacement is completed by you or us, unless the total cost for full repair or replacement is less than $2,000. You may submit a claim on an actual cash value basis and then, no later than 180 days following settlement on an actual cash value basis (or our offer of such if you decline settlement) make further claim on repair or replacement. Repair or replacement is to be completed by the time you make such claim.

It is undisputed that plaintiff did not provide proof of "repair or replacement" under the terms of the policy. Nor did plaintiff request payment of depreciation holdback.

Instead, plaintiff filed a three-count complaint against defendant, alleging: breach of contract (count one); breach of implied covenant of good faith and fair

---

[1] Total building loss was calculated by subtracting the depreciation holdback of $9,834.06 from defendant's estimated RCV of $48,997.31. Defendant contends it also paid a total of $122,876.24, representing: $31,000 for loss of use; $10,000 for mold loss; and $38,863.59 as the ACV for plaintiff's loss of personal property, with $9,688.24 for depreciation holdback. Before the trial court, plaintiff apparently asserted defendant's total payout was $119,026. The amount of the other losses paid are not at issue on this appeal.

dealing (count two); and violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -226 (count three). Plaintiff thereafter retained an expert, who opined in his December 2018 report that the RCV was $129,166.82.

When deposed in June 2019, plaintiff said her contractor had begun repairs two weeks prior. In that regard, plaintiff produced in discovery a May 9, 2019 repair contract with a total repair price of $210,041. Plaintiff acknowledged defendant's 2017 estimate for RCV for the structure but testified she did not select defendant's contractor to perform the work because its estimates were "very low" compared to other estimates she had received. Plaintiff therefore assumed defendant's contractor would "do bad, shoddy work."

Following the close of discovery, defendant moved for summary judgment. Relevant here, defendant primarily argued plaintiff failed to produce any evidence "that the ACV of payments made" was "inadequate." Plaintiff countered that an "impossibility of performance" excused the satisfaction of the precondition set forth in the policy. Plaintiff argued she could not afford to repair or replace the property without the insurance proceeds for the total amount of repairs sought.

In a comprehensive statement of reasons that accompanied the order, Judge Frank Covello granted defendant's motion.[2] Squarely addressing the issues raised in view of the governing law, the judge concluded the terms of the policy were clear and plaintiff failed to provide defendant with proof of repair or replacement. The judge further found plaintiff "did not provide evidence to show that the ACV [wa]s not sufficient." And, plaintiff conceded "she did not produce reports on the ACV of building loss."

Citing our decision in Ward v. Merrimack Mutual Fire Insurance Co., 332 N.J. Super. 515, 522 (App. Div. 2000), the motion judge recognized "a party to a contract may not avail itself of a condition precedent where its own conduct rendered compliance with the condition impossible." The judge noted his concern that defendant "appears to have no mechanism to provide payment of RCV value until the repairs or replacements are completed[,]" thereby requiring the insured to "'front' the money and seek reimbursement later." But the judge nonetheless found "the plain language of the contract provides for a process

---

[2] The judge granted defendant's motion as to all three counts of plaintiff's complaint after comprehensively addressing the law as to each count. Because plaintiff's argument on appeal is limited to count one, we need not discuss the judge's analysis of the remaining counts.

5

whether RCV can only occur after the acceptance of a settlement amount <u>or</u> rejection thereof."

Recognizing caselaw that supported his conclusion, the judge elaborated:

> [Plaintiff] admits to accepting and cashing a check from [defendant] that reflects the ACV [defendant] proposed covered the building loss. Had [p]laintiff presented an expert report contravening the ACV valuation of [defendant] prior to the [d]iscovery [e]nd [d]ate . . . a question of material fact would exist sufficient to defeat the . . . motion. Such a dispute does not here exist . . . .

On reconsideration, Judge Covello fully addressed plaintiff's contentions that he misapplied our decision in <u>Ward</u>, and "fail[ed] to determine if impossibility of performance existed." Again, the judge noted plaintiff had accepted the ACV. At the conclusion of argument, the judge issued a cogent oral decision, denying plaintiff's motion.

The motion judge found the facts of the present matter differed from those in <u>Ward</u>, where the insurance carrier had denied coverage and, as such, had not made an ACV payment. <u>See</u> 332 N.J. Super. at 518. As the judge recognized, in <u>Ward</u>, we remanded the matter to the trial court to determine whether the failure to make that payment made it impossible for the plaintiff to replace his three-story building. <u>Ibid.</u> Accordingly, the judge reiterated his earlier conclusion that the precondition "is a valid and enforceable policy provision."

A-1398-19T2

This appeal followed.

On appeal, plaintiff reprises her argument that issues of fact precluded summary judgment "as to whether impossibility of performance existed," thereby excusing the "policy's replacement precondition for recovery of [RCV]." After de novo review, Cypress Point Condominium Ass'n v. Adria Towers, L.L.C., 226 N.J. 403, 414 (2016), we affirm the orders under review substantially for the thoughtful and thorough reasons articulated by Judge Covello in his accompanying decisions. Having employed the same standard as the motion judge, Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 539-40 (1995), we conclude there are no material factual disputes. Plaintiff raises no issues on appeal that warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1398-19T2